IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                  Case No. 07-40055-01-SAC

DAVID EARL ROBINSON,

           Defendant.


## MEMORANDUM AND ORDER

This case comes before the court on defendant's objection to shackling during his sentencing hearing. Having reviewed defendant's objection and the authorities cited therein, the court overrules the objection for the reasons stated below.

The policy requiring defendants in custody to be shackled during non-jury appearances before the court is not generated by this court, but by the United States Marshal's office, for purposes of court security.  It states as follows:

> Courtroom: All prisoners produced for court, with the exception of a jury trial, are to be fully restrained unless otherwise directed by a United States District Judge or United States Magistrate Judge.  For a trial by jury proceeding the United States Marshal or his/her designee should follow the direction of the presiding judicial official.

> In the event that the deputy in charge or district management decides that a higher level of restraint is necessary, the judge will be informed of the need for higher security.

U.S. Marshal Service's policy 9.1 D.3.b.

The court will not evaluate each defendant as to restraint. The court is mindful of the judgment call made not to restrain defendants McNight and Woods and others. The court does not agree that shackling detracts from the dignity or decorum of court proceedings, and sees no authority for defendant's assertion that the defendant cannot be shackled absent an individualized finding that he poses a specific danger to the court.

In a court- only hearing, the court finds that the balance of the desire to preserve defendant's dignity against the need to restrain a convicted felon in confinement favors restraint.

Dated this 22nd day of April, 2008.

                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge